**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  05-38187

BYRON ANTHONY LOOPER

Debtor

BYRON ANTHONY LOOPER

Plaintiff

v.                                                                                  Adv. Proc. No.  06-3042

U.S. DEPARTMENT OF EDUCATION;
UNITED STUDENT AID FUNDS, INC.;
THE CORPORATION OF MERCER
UNIVERSITY; EDUCATIONAL
CREDIT MANAGEMENT
CORPORATION; GEORGIA STUDENT
FINANCE COMMISSION; GEORGIA
HIGHER EDUCATION ASSISTANCE
AUTHORITY; ABC BANK; DEF BANK;
X CORPORATION; Y CORPORATION;
A, B, C, D, and E

Defendants

**MEMORANDUM ON PLAINTIFF'S
<u>MOTION TO ALTER OR AMEND JUDGMENT</u>**


**APPEARANCES:**    Byron Anthony Looper #323358
   Post Office Box 1000
   Petros, Tennessee  37845
   Plaintiff/Debtor, *Pro Se*

   JAMES R. DEDRICK, ESQ.
   UNITED STATES ATTORNEY
     Helen C.T. Smith, Esq.

220 West Depot Street
Suite 423
Greeneville, Tennessee  37743
Attorneys for United States Attorney

CHAMBLISS, BAHNER & STOPHEL, P.C.
Bruce C. Bailey, Esq.
Theresa L. Critchfield, Esq.
1000 Tallan Building
Two Union Square
Chattanooga, Tennessee  37402
Attorneys for Educational Credit Management Corporation

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Presently before the court is the Plaintiff's motion filed on May 4, 2007, entitled "Looper Motion For: Relief From Judgement and/or Alter or Amend Judgement; Amend/Make Additional Findings; and For Other Purposes & Relief; – (In the Alternative, to Extend Time to File Notice of Appeal)" (Motion to Alter or Amend), asking the court to alter or amend its April 25, 2007 Order denying his summary judgment motion and granting the summary judgment motions filed by the Defendants, the United States of America, on behalf of its agency, the United States Department of Education (Department of Education), and Educational Credit Management Company (ECMC).[1] Alternatively, the Debtor asks the court to extend the time for filing a notice of appeal.[2] Pursuant to the court's Order entered on May 8, 2007, ECMC filed a Memorandum In Opposition to Plaintiff's Motion for Relief From Judgment and/or Alter or Amend Judgment; Amend/Make Additional Findings; and for Other Purposes and Relief (In the Alternative, to Extend Time to File Notice of Appeal) on June 6, 2007.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 2006).

I

On October 14, 2005, the Debtor filed the Voluntary Petition commencing his case under Chapter 7 of the Bankruptcy Code, obtaining a general discharge of his debts on March 28, 2006.

---

[1] ECMC argues that the Debtor's Motion to Alter or Amend is time-barred because it was filed on May 7, 2007, the date it was received by the clerk, two days beyond the 10 days set forth in Rule 9023 of the Federal Rules of Bankruptcy Procedure. The date upon which the Debtor delivered the parcel containing this document to prison officials for mailing was, however, May 4, 2007. As such, under the "prisoner mailbox rule," the Motion to Alter or Amend is deemed filed on that day and was within the 10-day period set forth in Rule 9023. *See In re Looper*, 334 B.R. 596 (Bankr. E.D. Tenn. 2005).

[2] Rule 8002(c) of the Federal Rules of Bankruptcy Procedure allows the court under certain circumstances to extend the 10-day time for filing a notice of appeal for a period not to exceed 20 days.

He filed this adversary proceeding on February 2, 2006, asking for a determination that repayment of his student loan obligations owed to the Defendants would pose an undue hardship, thereby excepting them from the nondischargeability provision of 11 U.S.C.A. § 523(a)(8) (West 2004). ECMC filed its Answer on April 20, 2006, and the Department of Education filed its Answer on April 24, 2006.[3]

On December 28, 2006, the Department of Education filed a Motion for Summary Judgment along with the required statement of material facts. A Motion for Summary Judgment was also filed by ECMC on December 29, 2006 (ECMC Motion for Summary Judgment), along with a Statement of Undisputed Material Facts (ECMC Statement of Material Facts). A third motion, "Looper Motion For: Summary Judgement Against All Defendants" (Looper Motion for Summary Judgment), along with "Looper's Statement of Undisputed Material Facts in Support of Looper's Motion for Summary Judgement" (Looper Statement of Material Facts) was filed by the Plaintiff on January 3, 2007. On April 25, 2007, the court entered an Order and filed its Memorandum on Motions for Summary Judgment, denying the Looper Motion for Summary Judgment but granting those filed by the Department of Education and ECMC, after making a finding that, under Sixth Circuit authority, the Debtor did not meet his burden of proving that repayment of his student loan obligations would pose an undue hardship. The Debtor now asks the court to alter or amend this Order.

Rule 59(e) of the Federal Rules of Civil Procedure, which is applicable in adversary proceedings pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

---

[3] None of the remaining Defendants has filed a responsive pleading or otherwise appeared.

FED. R. CIV. P. 59(e). "Motions to alter or amend [a] judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998) (internal citations omitted); *see also In re Barber*, 318 B.R. 921, 923 (Bankr. M.D. Ga. 2004) (Rule 59(e) "can only be used in limited circumstances, and should be used sparingly.").

On the other hand, consideration of a motion under Rule 59(e) does not allow the party to reargue his case. *In re No-Am Corp.*, 223 B.R. 512, 514 (Bankr. W.D. Mich. 1998); *see also Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment.") (citing *In re Halko*, 203 B.R. 668, 672 (Bankr. N.D. Ill. 1996)). "Nor should Rule 59(e) be viewed as a means for overcoming one's failure to litigate matters fully." *Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1018 (Bankr. N.D. Ga. 1996). "Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion." *In re See*, 301 B.R. 554, 555 (Bankr. N.D. Iowa 2003).

In the context of Rule 59(e), "the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Instead, newly discovered evidence must have previously been unavailable. *Gencorp, Inc.*, 178 F.3d at 834. Additionally, manifest injustice is defined as "[a]n error in the trial court that is direct, obvious, and

observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." BLACK'S LAW DICTIONARY 974 (7th ed. 1999). Because the Debtor has not satisfied any of these criteria, his Motion to Alter or Amend shall be denied.

The Debtor argues that, despite the certificates of service evidencing otherwise, he did not receive a copy of the Response of Educational Credit Management Corporation to Looper: Motion for Summary Judgment Against All Defendants and/or the Response of Educational Credit Management Corporation to Plaintiff's Statement of Undisputed Material Facts (collectively ECMC Responses), both filed on January 23, 2007, and that he was not given an opportunity to respond to those documents. In support thereof, the Debtor filed an Affidavit stating that he checked the mail department at Brushy Mountain Correctional Facility, and the mail log does not reflect a receipt of mail to the Debtor on or after January 23, 2007. LOOPER AFF. at ¶¶ 5-6. ECMC refutes this claim through the Affidavit of Alice Kremkow, an administrative assistant with ECMC's counsel's office, who attests that she personally mailed the ECMC Responses to the Debtor at the following address: "Byron Looper, #323358, P.O. Box 1000, Petros, TN 37845." KREMKOW AFF. at ¶ 3.

Neither party offered anything beyond their respective Affidavits to support their claims with respect to whether the Debtor did or did not receive the ECMC Responses. Be that as it may, for the purposes of the Debtor's Motion to Alter or Amend, it is inconsequential whether he actually received the ECMC Responses. The fact remains that, even if the Debtor did not receive the ECMC Responses, he was not prejudiced, and there is no basis for granting his Motion to Alter or Amend for this reason. First, under the Local Rules, when a party files a motion for summary judgment and statement of material facts, the respondent may respond to both documents, and in the absence of

6

a response, the movant's statement of material facts are deemed admitted. *See* E.D. Tenn. LBR 7056-1(b). In addition, the respondent may file, along with responses to the original motion for summary judgment and statement of material facts, a statement of additional material facts that the respondent contends are undisputed. *See* E.D. Tenn. LBR 7056-1(c). The movant may then respond to the respondent's additional material facts, but that is the extent to which a response is required and/or considered by the court. *See* E.D. Tenn. LBR 7056-1(c). Neither side is given an unfettered opportunity to continue responding to each response. Once each side has had one chance to respond to a respective statement of material facts, the response time ends.

ECMC did not file a statement of additional material undisputed facts in response to Looper's Statement of Material Facts. Accordingly, any response that the Debtor might have wanted to file to the ECMC Responses would have been superfluous and would not have been considered by the court in making its determination. Once ECMC filed the ECMC Responses without stating additional material facts, all responses were complete. Furthermore, the Debtor is not prejudiced because ECMC also filed the ECMC Motion for Summary Judgment and ECMC Statement of Material Facts, following which the Debtor filed "Looper's Response to ECMC's Statement of Undisputed Material Facts" and "Looper's 1/07 Statement of Additional Undisputed Material Facts; and Looper's Motion to File Same" on February 1, 2007, and which are based upon the same material facts and arguments that it later asserted in the ECMC Responses.[4]

---

[4] The Debtor did not, however, file a response to the ECMC Motion for Summary Judgment as allowed by the Local Rules.

The Debtor has not evidenced in his Motion to Alter or Amend that the court made a clear error of law, that he has discovered new evidence, that there has been an intervening change in controlling law, or that the court's denial of Looper's Motion for Summary Judgment results in a manifest injustice to any party. Accordingly, the Motion to Alter or Amend filed by the Debtor on May 4, 2007, shall be denied, and an appropriate order to that effect will be entered.

The Debtor's request for additional time within which to file an appeal of the court's April 25, 2007 Order shall also be denied. Pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, an appeal from an order or judgment is commenced by filing a notice of appeal within the 10-day period set forth in Rule 8002. However, under Rule 8002(b)(2),[5] the time to file a notice of appeal is tolled by the filing of a motion to alter or amend. Accordingly, the Debtor's Motion to Alter or Amend filed on May 4, 2007, tolled the time for any party to file a notice of appeal with respect to the April 25, 2007 Order, and the 10-day limitation for filing a notice of appeal of the April 25, 2007 Order will not begin to run until the date upon which the court enters its order denying the Debtor's Motion to Alter or Amend. Therefore, the Debtor's request for additional time within which to file a notice of appeal is unnecessary.

---

[5] Rule 8002(b) provides, in material part, as follows:

**Effect of motion on time for appeal**

If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:

. . . .

(2) to alter or amend the judgment under Rule 9023[.]

FED. R. BANKR. P. 8002(b).

FILED: June 12, 2007

                                  BY THE COURT

                                  */s/ RICHARD STAIR, JR.*

                                  RICHARD STAIR, JR.
                                  UNITED STATES BANKRUPTCY JUDGE